## J. S. LUMPKIN V. THE STATE.

### No. 4923. Decided June 28, 1918.

**Passing Forged Instrument—Motion for New Trial—Newly Discovered Evidence.**

Where, upon trial of passing a forged instrument, defendant pleaded an alibi and defendant's identity was the main issue in the case, a new trial should have been granted upon a showing, in his motion for a new trial, that defendant was not the man who passed the alleged forged instrument.

Appeal from the District Court of Atascosa. Tried below before the Hon. C. C. Thomas.

Appeal from a conviction of passing a forged instrument; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. B. Green* and *R. R. Smith,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of passing a forged instrument and allotted two years in the penitentiary.

The facts show that the party whose name was signed to the supposed forged instrument was in fact signed by him, and the forgery consisted of the fact that the check was filled in above his name with the amount of $3200. There is no question of the fact that the purported maker signed the check and left it in blank and turned it over to defendant for the purpose of being used by appellant in buying cotton for the alleged maker. This occurred in Gillespie County. Subsequently in Atascosa County the instrument alleged to have been forged was passed by appellant as contended by the State. Over the name of the alleged

maker was inserted the amount of $3200. The bank upon whom it was passed claimed to have placed this amount to appellant's credit, and that appellant drew out fourteen or fifteen hundred dollars of the money. There was an issue seriously fought in the court below on the identity of appellant as the man who passed the check. Appellant denied this, and there was quite an array of testimony showing an alibi and his whereabouts during the time claimed by the State that he was in Atascosa County. The testimony proving the alibi is very strong and gives facts and dates, registers at hotels and matters of that sort that raises a very serious issue as to whether appellant was in Atascosa County at the time the check was passed, as well as to his identity.

In the motion for new trial appellant produced the affidavit of a party named Mills, whose testimony was shown to have been unknown to appellant or his attorneys at the time of the trial, and was discovered by them subsequently going strongly to show that the man who was in Atascosa County and supposed to have passed the check was not defendant. It is unnecessary to go into the details and circumstances and reasons why this witness says appellant was not the man. We are of opinion that under this showing appellant was entitled to a new trial. The evidence is strongly contested that he was the party who passed the check. Under such showing the jury might have reached the conclusion that he was not in Atascosa County, and was not the party who passed the check upon the bank. There was evidence strongly put that he was in San Antonio during the three days the State claimed he was in Atascosa County. This came from different parties showing his presence in the City of San Antonio, where he registered at different hotels during the three days. The testimony from some of the witnesses is not clear that appellant was the party who passed the check. Under these circumstances we are of opinion that the motion for new trial should have been granted on account of the newly discovered testimony. Taking the case as a whole, and the condition of the State's as well as the defendant's view of it on the question of identity, the strong proof of alibi, the new trial should have been granted on account of the newly discovered testimony of Mills, which strongly tended to support appellant's theory of the case that he was not the party in Atascosa County and who the State claimed passed the check or forged instrument.

The other questions may arise in a different form upon another trial, and may be more fully elucidated, and, therefore, are not discussed.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*